State v. Pearson

STATE OF NORTH CAROLINA v. LARRY DEAN PEARSON

No. 755SC360

(Filed 17 September 1975)

Criminal Law § 155.5— belated extension of time to docket appeal — appeal dismissed

Purported extension of time to docket the record on appeal entered by the trial judge after expiration of the original ninety days was ineffective to extend the time for docketing, and the appeal is dismissed for failure to docket within ninety days from the date of the judgment appealed from.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 23 January 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 September 1975.

Defendant was charged with the felony of being an accessory before the fact of a felonious burning of an uninhabited building in possession of defendant. The indictment alleges that defendant unlawfully and willfully did feloniously and wantonly aid, counsel or procure Richard Joseph Czech to set fire to and burn an uninhabited house located at 25 Carolina Beach Avenue, Carolina Beach, North Carolina, on or about 2 August 1974.

From a verdict of guilty and judgment of imprisonment, defendant gave notice of appeal.

*Attorney General Edmisten, by Assistant Attorney General Donald A. Davis, for the State.*

*John J. Burney, Jr., for the defendant.*

BROCK, Chief Judge, PARKER and ARNOLD, Judges.

The judgment appealed from was entered on 23 January 1975. Under the rules applicable to this appeal, the record on appeal was required to be docketed on or before ninety days after entry of the judgment appealed from, unless the time for docketing was extended by proper order of the trial judge. The initial ninety days expired on 23 April 1975. On 7 May 1975, after expiration of the initial ninety days, defendant sought to resurrect his right to appeal by obtaining from the trial judge an extension of time to docket the record on appeal. The order entered after expiration of the initial ninety days was ineffective to extend the time within which to docket the record on appeal.

Appeal dismissed.